**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JEFF POPE,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 4:19-cv-03157** |
| | § | |
| **HOUSTON NFL HOLDINGS, L.P.** | § | **JURY DEMANDED** |
| **("TEXANS");** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

_____

TO THE HONORABLE JUDGE OF SAID COURT:

JEFF POPE ("Plaintiff"), brings this action to recover from HOUSTON NFL HOLDINGS, L.P. ("the Texans" or "Defendant") unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, 29 U.S.C § 201 et seq.:

**I.    NATURE OF CLAIMS**

1.    This is an action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws. This action seeks to recover unpaid wages and other damages owed by Defendant.

**II.    JURISDICTION AND VENUE**

2.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, § 1337.

3.    Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)

9

because the Defendant and the Plaintiff(s) transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district. At all times pertinent to this Complaint, Defendant is an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to the Defendant's business. Specifically, Plaintiffs traveled on interstate highways and used interstate communications in the performance of their duties.

### III.    THE PARTIES

4.      Plaintiff Pope is an individual residing in Harris County, Texas.  Mr. Pope is a former employee of Defendant.

5.      Defendant HOUSTON NFL HOLDINGS, L.P.  is a foreign entity that is headquartered in Houston, Texas and may be served with process through its registered agent, Capitol Corporate Services, Inc. 206 E. 9th Street, Suite 1300, Austin, TX 78701-4411 USA.

### IV.    FACTS

6.      At all times relevant to this lawsuit, Defendant is, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203 and is subject to the FLSA.

7.      Defendant HOUSTON NFL HOLDINGS, L.P. is a Texas based corporation. Defendant's annual revenues far exceeded $500,000 in each of the last five years.

8.      Plaintiff began his employment with Defendant as a security intern and was employed

as Security Coordinator at the time of his termination. His primary duties included but were not limited to assisting in implementing Defendant's security policy and procedures, security plans for all Defendant's events and assist in all aspects of Defendant's security related to and on game day. Plaintiff also had further job functions related to football operations and training camp.

9.      Plaintiff regularly worked hours in excess of forty (40) hours per week for Defendant. In performing his duties, Plaintiff routinely worked up to, and in excess of, 12-16 hours per day, seven days per week.

10.     The work performed by Plaintiff was within Defendant's knowledge and control. Defendant set Plaintiff's schedules, assigned work, and supervised his work.

11.     Defendant required Plaintiff to work overnight before home and away games, as well as training camp. Plaintiff was required to spend the night at a hotel with players in order to tend to whatever needs players may have and provide security before game day. Plaintiff would accrue overtime hours during these overnight stays, but Plaintiff received no pay for those hours worked during those overnight hours.

12.     Plaintiff is entitled to overtime at one-and- one-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendant did not pay Plaintiff one- and one-half times his regular rates of pay for hours worked in excess of forty (40) per week that accrued during overnight hours for home and away games, as well as for training camp.

13.     Defendant failed to accurately record and report the hourly pay on its payroll records and failed to properly pay Plaintiff for hours over forty (40) hours a week that accrued during overnight hours for home and away games, as well as for training camp.

14.     Defendant's manipulation of time and payroll records violates the FLSA's record-keeping requirements, 29 U.S.C. § 211 and demonstrates Defendant's willful and intentional conduct designed to evade the requirements of the FLSA.

9

## V.    FIRST CAUSE OF ACTION: OVERTIME VIOLATIONS

15.    Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

16.    Plaintiff was engaged in nonexempt work, as set forth above.

17.    As a non-exempt employee, Plaintiff was legally entitled to be paid at one-and-one-half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

18.    Defendant failed to pay Plaintiff at one-and-one- half times his regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the FLSA 29 U.S.C. § 207.

19.    As a result, Plaintiff did not receive the compensation he was legally entitled to receive.

20.    Defendant's violations of the FLSA was committed knowingly, willfully, and/or with reckless disregard to Plaintiff's rights.

21.    As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorney's fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI.    SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

22.    Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

23.    The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. §211(c); 29 C.F.R. pt 516.

9

24.     In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

### VII.    JURY DEMAND

25.     Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submit the jury fee.

### VIII.   PRAYER

26.     For the reasons set forth above, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and for the following relief:

  a.   judgment awarding Plaintiff all unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

  b.   an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

  c.   all such other and further relief to which Plaintiff may show himself to be justly entitled.

Respectfully Submitted,



**N. LUCY CHUKWURAH LAW GROUP**

By: _Kechi Chukwurah_

**Lucy Nkechinyelumka "Kechi" Chukwurah**
Federal Bar No.  898307
Texas Bar No. 24045657
**Durham Center**
5151 Katy Freeway, Suite 306
Houston, Texas 77007
**Local:**          832.917.6008
**Facsimile:**      832.917.6010
lucy@chukwurahlawgroup.com
**ATTORNEYS FOR JEFF POPE**

9