United States District Court
Southern District of Texas
**ENTERED**
March 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFF POPE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-3157 |
| | § | |
| HOUSTON NFL HOLDINGS, L.P., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss or Stay in Favor of Arbitration or, in the Alternative, Dismiss Pursuant to Rule 12(b)(6) ("Motion") (Doc. #18), Plaintiff's Response (Doc. #19), and Defendant's Reply (Doc. #20).[1]  Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion to Dismiss in Favor of Arbitration.

### I.    Background

Jeff Pope ("Plaintiff") worked for Defendant Houston NFL Holdings, L.P. ("Defendant") from July 27, 2016 until his termination on May 8, 2019.  Doc. #17 ¶¶ 9, 31. Plaintiff filed suit against Defendant on August 22, 2019 and filed his First Amended Complaint ("Complaint") on March 31, 2020, alleging unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, Section 1981 and Section 1985(3) of the Civil Rights Act of 1866, the Fair Labor Standards Act, and the Texas Labor Code.  Doc. #1; Doc. #17 ¶ 1.  Defendant filed its Motion on April 14, 2020, arguing that Plaintiff is subject to an Agreement to Arbitrate Disputes

---

[1] Both parties incorporate by reference their previous pleadings regarding Defendant's Motion to Dismiss Plaintiff's original complaint.  Doc. #19 ¶ 3; Doc. #20 at 1 n1.  Rule 10(c) allows for pleadings "to be adopted by reference . . . in any other pleading or motion."  FED. R. CIV. P. 10(c). As such, the Court also considers the following docket entries: Documents #7, #8, #9, and #11.

("Agreement") executed on October 27, 2016.[2]  Doc. #18 ¶ 18.  Under the Agreement, the parties

"agree[d] to submit all matters, disputes and claims of any nature between Employee and Employer

to binding arbitration." *Id.*, Ex. 3 ¶ 1.  The Agreement further states that the arbitrator "shall have

the sole and exclusive authority to decide questions regarding the enforceability" of the Agreement

and "the arbitrability of a particular matter, claim or dispute." *Id.* ¶ 5.  In his Response, Plaintiff

argues first that an agreement to arbitrate was never formed because Plaintiff did not receive or

sign the Agreement and second that the Agreement is substantively unconscionable and thus

invalid even if Plaintiff did agree to it.  Doc. #19 ¶¶ 37, 38.  Defendant produced the Agreement

with Plaintiff's alleged electronic signature.  Doc. #18, Ex. 3.

When reviewing a motion to enforce an arbitration agreement, courts "first look to see if

an agreement to arbitrate was formed, then determine if it contains a delegation clause.  If there is

an agreement to arbitrate with a delegation clause, and absent a challenge to the delegation clause

itself, [courts] will consider that clause to be valid and compel arbitration." *Edwards v. Doordash,*

*Inc.*, 888 F.3d 738, 744 (5th Cir. 2018).  "[P]arties are free to delegate questions to an arbitrator"

in a delegation clause, but "courts may not assume that parties have agreed to arbitrate threshold

questions absent clear and unmistakable evidence of their intent to do so." *Arnold v. Homeaway,*

*Inc.*, 890 F.3d 546, 551–52 (5th Cir. 2018). When determining "whether the parties have a valid

and enforceable agreement to arbitrate, courts apply the contract law of the state governing the

agreement." *Banks v. Mitsubishi Motors Credit of Am., Inc.*, 435 F.3d 538, 540 (5th Cir. 2005).

Plaintiff argues that, despite Defendant's production of the Agreement with Plaintiff's

alleged electronic signature, an agreement to arbitrate was not formed because Plaintiff did not

---

[2] It is undisputed that Plaintiff signed an arbitration agreement on July 27, 2016 that Defendant subsequently "replaced" with the Agreement.  Doc. #18 ¶ 6, Ex. 2; Doc. #19 ¶¶ 27, 30, 38.  Because the Court finds that the parties are bound by the Agreement, it need not address the July 2016 arbitration agreement.

receive notice of the Agreement by email nor did he sign it.  Doc. #18, Ex. 3 at 3; Doc. #19 ¶ 37. Under Texas law, "[a]n electronic signature is attributable to a person if it was the act of the person," which "may be shown in any manner, including a showing of the efficacy of any security procedure." Tex. Bus. & Com. Code § 322.009.  Plaintiff must create a fact issue as to the validity of his signature to prevent the compelling of arbitration.  *See Gilliam v. Glob. Leak Detection U.S.A., Inc.*, 141 F. Supp. 2d 734, 737 (S.D. Tex. 2001).

In addition to producing the signed Agreement, Defendant submitted a sworn declaration from its Director of Information Technology Infrastructure stating that when he restored Plaintiff's email inbox, it contained the email with the link to sign the Agreement. *Id.*, Ex. 6 ¶ 3.  The sworn declaration of Defendant's Senior Director of Human Resources further explained that Plaintiff's work "e-mail address required unique password credentials to gain access, which he was required to change every 90 days, and, per [Defendant's] policy, [Plaintiff] was required to maintain and not share his password credentials with other employees." Doc. #18, Ex. 1 ¶ 9.

To refute this evidence, Plaintiff's sworn declaration states: "I did not receive notice, or an email, regarding a second arbitration agreement. I did not sign the second arbitration agreement dated October 27, 2016." Doc. #19, Ex. 8.  Plaintiff offers no other evidence supporting his position nor does he cite any authority on why the Court should disregard the signed Agreement before it. *See* Doc. #19 at 11–12.  "[C]onclusory, unsupported statements in [an] affidavit are insufficient to create a material fact issue." *Marshall on Behalf of Marshall v. E. Carroll Par. Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998).  Plaintiff has failed to create a fact issue and Defendant has shown sufficient security protocols to attribute the electronic signature on the Agreement to Plaintiff.  Accordingly, the Court finds that an agreement to arbitrate exists.

Under the *Edwards* framework, the Court's next inquiry is whether there is an enforceable delegation clause. *Edwards*, 888 F.3d at 746.  The Agreement states that the arbitrator "shall have

the sole and exclusive authority to decide questions regarding the enforceability" of the Agreement and "the arbitrability of a particular matter, claim or dispute." Doc. #18, Ex. 3 ¶ 5. The Court finds that this is "clear and unmistakable evidence" that the Agreement contains a delegation clause under which "the parties have agreed to arbitrate threshold questions." *Edwards*, 888 F.3d at 746; *Arnold*, 890 F.3d at 551.

Plaintiff has not made any arguments specific to the delegation clause. *See* Docs. #8, #11, #19. As such, the Court finds that Plaintiff's remaining argument regarding the substantive unconscionability of the Agreement should be addressed by the arbitrator. *Edwards*, 888 F.3d at 746; *see also Ridge Nat. Res., L.L.C. v. Double Eagle Royalty*, L.P., 564 S.W.3d 105, 129 (Tex. App.—El Paso 2018) ("determining whether an affirmative defense, including unconscionability, constitutes a valid ground for non-enforcement of the [] contract is a matter for the arbitrator, not the trial court," to decide). Because the Agreement states that "all matters, disputes, and claims of any nature" shall be submitted to arbitration, the Court further finds that dismissal of this case is proper. Doc. #18, Ex. 3 ¶ 1; *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) (noting that district courts may dismiss "a case when all claims are submitted to arbitration").

For the foregoing reasons, the Court finds that an agreement to arbitrate exists and no legal constraints preclude the arbitration of Plaintiff's claims. Accordingly, the Motion to Dismiss and Compel Arbitration is GRANTED.

It is so ORDERED.

**MAR 2 2 2021**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

4